UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DISABLED PATRIOTS OF AMERICA, INC., et al., | ) ) |
| | ) Case No. 1:06-CV-01846 |
| Plaintiffs, | ) ) JUDGE ANN ALDRICH |
| v. | ) ) |
| GREAT NORTHERN PARTNERSHIP, | ) ) |
| | ) <u>ORDER</u> |
| Defendant. | ) ) |

In its August 17, 2007 order [Docket No. 38], the court directed Plaintiffs Disabled Patriots of America and Bonnie Kramer (collectively, "DPA") and defendant Great Northern Partnership ("Great Northern") to submit briefs on whether Great Northern's "plan to identify and remedy any existing barriers to access at the mall" (the "Plan") and its "survey of the property to assess compliance with state and local disability laws" (the "Survey") were protected by attorney-client privilege and/or the attorney work product doctrine. The issue has now been briefed, and the court orders Great Northern to produce both the Plan and the Survey.

Initially, Great Northern asserted both attorney-client privilege and the attorney work product doctrine in refusing to produce the Plan and the Survey. However, Great Northern has waived whatever privilege it had over those documents by placing them squarely at issue in this litigation. Great Northern relies heavily on the documents, and the actions taken pursuant to them in its motion for summary judgment [Docket No. 27], where it argues that any areas of noncompliance with the Americans with Disabilities Act have already been identified and remedied as a result of the Plan, the Survey, and their implementation. By placing not only the Plan and the Survey's existence, also the particulars of how

Great Northern acted upon those documents, Great Northern has waived its privilege. *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472-73 (6th Cir. 2006) (citation omitted). The waiver applies to both claimed privileges, because there is no difference between waiver of attorney-client privilege and waiver of the work product privilege. *Id.* at 474 (citation omitted). The case cited by Great Northern does establish the applicability of the work product doctrine to the Plan and the Survey; however, unlike Roxworthy, Great Northern has placed the privileged documents at issue. *United States v. Roxworthy*, 457 F.3d 590, 591-92 (6th Cir. 2006) (citation omitted).

For the foregoing reasons, the court orders Great Northern to produce the Plan and the Survey to DPA within seven (7) calendar days of the issuance of this order. If the Plan does not exist and has never existed in written form, as Great Northern asserts in its reply brief [Docket No. 43], then it must submit a sworn affidavit to DPA, attesting to that fact, within seven (7) calendar days of the issuance of this order.

IT IS SO ORDERED.

                                                          */s/Ann Aldrich*
                                                          ANN ALDRICH
                                                          UNITED STATES DISTRICT JUDGE

**Dated: September 20, 2007**